## INDEX

**Exhibit A**      Complaint – Pima County Superior Court Case No. C20112739

**Exhibit B**      Affidavit of Service as to Defendant LTL Transport, Inc.

# EXHIBIT A

| | |
|---|---|
| 1 | Frances T. Lynch |
| | Pima County No. 35732 |
| 2 | State Bar No. 012249 |
| | franceslynch@azbar.org |
| 3 | **BACHE & LYNCH** |
| | 6831 N. Oracle Rd., Suite 145 |
| 4 | Tucson, AZ 85704 |
| | Telephone: (520) 293-5300 |
| 5 | Facsimile: (520) 742-1902 |
| | Attorney for Plaintiff |

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| STEVE RUE, a married man, | No. C20011739 |
| Plaintiff, | **COMPLAINT** |
| -vs- | Assigned to Hon. |
| DAVEDILLON SEVILLA DANCEL and JANE DOE DANCEL, husband and wife; D & D TRANSPORT, a foreign entity; CHARLOTTE M. SHROPSHIRE and JOHN DOE SHROPSHIRE, husband and wife; LTL TRANSPORT INC., a foreign corporation; JOHN DOES 1-10; JANE DOES 1-10; ABC CORPORATIONS 1-10; XYZ PARTNERSHIPS 1-10; and LIMITED LIABILITY COMPANIES A-Z, | |
| Defendants. | |

Plaintiff Steve Rue, by counsel, for his claim against the Defendants, alleges:

1. He is a married man and resides in Pima County, Arizona. All matters relevant to this action took place in Cochise County, Arizona.

2. Upon information and belief, Defendants Davedillon Sevilla Dancel and Jane Doe Dancel were, at the time of the incident referred to herein husband and wife, residents of

1  Los Angeles County, Azusa, California, and all acts of the Defendant Davedillon Sevilla Dancel
2  set forth herein were on behalf of the marital community.

3. Defendant D & D Transport is a foreign entity doing business in the State of Arizona. At all relevant times, Defendant D & D Transport was carrying on in its ordinary course of business of the corporation and was doing business in Cochise County, Arizona.

4. Upon information and belief, Defendant Dancel was acting in the course and scope of his employment with D & D Transport at the time of the incident referred to herein.

5. Upon information and belief, Defendants Charlotte M. Shropshire and John Doe Shropshire were, at the time of the incident referred to herein husband and wife, residents of Denton County, Corinth, Texas, and all acts of the Defendant Charlotte M. Shropshire set forth herein were on behalf of the marital community.

6. Defendant LTL Transport, Inc. is a foreign corporation doing business in the State of Arizona. At all relevant times, Defendant LTL Transport, Inc. was carrying on in its ordinary course of business of the corporation and was doing business in Cochise County, Arizona.

7. Upon information and belief, Defendant Shropshire was acting in the course and scope of her employment with Defendant LTL Transport, Inc. at the time of the incident referred to herein.

8. Defendants John Does 1-10, Jane Does 1-10, ABC Corporations 1-10, XYZ Partnerships 1-10, and Limited Liability Companies A-Z are fictitious names for persons and entities which may be responsible for some or all of the actions complained herein, whose real names will be substituted and conformed in the caption on filing of a notice pleading when they are ascertained.

9. The State of Arizona has Jurisdiction over this matter and venue is proper in the Pima County Superior Court.

10. On December 28, 2010, Defendant Dancel was operating a freightliner truck owned by Defendant D & D Transport on eastbound Interstate 10 at approximately milepost 319.2. Another truck was slowing and, in an attempt to avoid a collision, Defendant Dancel veered to the left. In the process Defendant Dancel struck the rear of the other truck and continued traveling through the dirt median and into the westbound traffic lanes of Interstate 10. The truck came to a rest blocking all westbound traffic lanes.

11. At the same time, Plaintiff and Defendant Shropshire were operating their respective freightliner trucks on westbound Interstate 10 at approximately milepost 319.4. The truck being operated by Defendant Shropshire was owned by Defendant LTL Transport, Inc.

12. Westbound traffic on Interstate 10 was stopped due to Defendant Dancel's truck blocking all lanes. Plaintiff was on the left-hand lane ahead of Defendant Shropshire, who was in the right-hand lane. When Plaintiff saw Defendant Dancel's truck blocking the traffic lanes, Plaintiff slowed and merged to the right-hand lane when his truck was rear-ended by the truck being operated by Defendant Shropshire.

13. The collision was proximately caused by the negligence of Defendants Dancel and Shropshire in operating their respective freightliner trucks.

14. The acts and omissions of Defendant Dancel in causing the subject collision and particularly in violating A.R.S. § 28-701, constitutes negligence *per se.*

15. Defendant D & D Transport failed to properly investigate Defendant Dancel's driving history, and failed to properly train him in the operations of a freightliner truck.

Entrusting the freightliner truck to Defendant Dancel constitutes negligence, and was also a proximate cause of the personal injuries sustained by Plaintiff.

16. Defendant LTL Transport, Inc. failed to properly investigate Defendant Shropshire's driving history, and failed to properly train her in the operations of a freightliner truck. Entrusting the freightliner truck to Defendant Shropshire constitutes negligence, and was also a proximate cause of the personal injuries sustained by Plaintiff.

17. Plaintiff was free of any comparative fault or negligence with respect to the subject accident or his accident-related injuries and damages.

18. As a direct and proximate result of the negligence of said Defendants, Plaintiff sustained personal injuries; he has incurred doctor and medical bills for his treatment; he has suffered pain; and he has lost time from work and from his normal activities.

19. In addition, as a further direct and proximate result of Defendants' negligence in causing the accident, Plaintiff will sustain prospective damages for future pain and suffering; incur reasonable and necessary expenses in receiving medical treatment, invasive surgery, therapy or rehabilitation in an amount which will be established at trial; and incur "hedonic" damages due to his loss of enjoyment of life's activities in the future.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants in an amount sufficient to reasonably compensate him for the injuries and damages sustained, for his costs and all other proper relief.

DATED this 13th day of April, 2011.

BACHE & LYNCH

Frances T. Lynch
Attorney for Plaintiff

4

# EXHIBIT B

| | |
|---|---|
| 1  Frances T. Lynch<br>   Pima County No. 35732<br>2  State Bar No. 012249<br>   franceslynch@azbar.org<br>3  BACHE & LYNCH<br>   6831 N. Oracle Rd., Suite 145<br>4  Tucson, AZ 85704<br>   Telephone: (520) 293-5300<br>5  Facsimile: (520) 742-1902<br>   Attorney for Plaintiff | |

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| STEVE RUE, a married man,<br><br>Plaintiff,<br><br>-vs-<br><br>DAVEDILLON SEVILLA DANCEL and JANE DOE DANCEL, husband and wife; D & D TRANSPORT, a foreign entity; CHARLOTTE M. SHROPSHIRE and JOHN DOE SHROPSHIRE, husband and wife; LTL TRANSPORT INC., a foreign corporation; JOHN DOES 1-10; JANE DOES 1-10; ABC CORPORATIONS 1-10; XYZ PARTNERSHIPS 1-10; and LIMITED LIABILITY COMPANIES A-Z,<br><br>Defendants. | No. C20112739<br><br>AFFIDAVIT OF SERVICE AS TO DEFENDANT LTL TRANSPORT, INC.<br><br>Assigned to Hon. Ted B. Borek |

Pursuant to Arizona Rules of Civil Procedure Rule 4.2(c), undersigned counsel certifies the following:

1. Defendant LTL Transport, Inc., a foreign corporation, are known to be located outside the state of Arizona.

*Superior Court Case No. C20112739*

1     2.    The summons, a copy of the complaint, and a copy of the certificate of arbitration were placed in the mail, prepaid and return receipt requested, and were mailed to LTL Transport, Inc.

   3.    That said papers were received by LTL Transport, Inc. as evidenced by the return receipt, a copy of which is attached hereto as Exhibit A.

   4.    That LTL Transport, Inc. received said papers on April 21, 2011, and undersigned received the return receipt on April 25, 2011.

_____
Frances T. Lynch

Subscribed and sworn to before me this 25TH day of April, 2011 by Frances T. Lynch.

_____
Notary Public

My Commission Expires:

3/25/12

Leah Christopher
Notary Public
Pima County, Arizona
My Comm. Expires 03-25-12

2

EXHIBIT A



7009 3410 0000 0577 8892