IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| STEVE RUE, a married man, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DAVEDILLON SEVILLA DANCEL ) <br> and JANE DOE DANCEL, husband ) <br> and wife; DSD TRANSPORT, ) <br> a foreign entity; CHARLOTTE M. ) <br> SHROPSHIRE and JOHN DOE ) <br> SHROPSHIRE, husband and wife; ) <br> LTL TRANSPORT INC., a foreign ) <br> corporation; JOHN DOES 1-10; and ) <br> LIMITED LIABILITY COMPANIES ) <br> A-Z, ) <br> ) <br> Defendants. ) <br> ) | No. CV-11-0305-TUC-CKJ <br><br> **ORDER** |

Currently pending before the Court is Plaintiff Steve Rue's Motion to Remand [Doc. 9]. Defendants LTL Transport, Inc. and Shropshire have filed their response [Doc. 10], and Plaintiff has replied.

*Background*

Plaintiff initiated this cause of action in the Arizona Superior Court for the County of Pima. Defendant LTL Transport, Inc. removed the matter to this Court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff's Complaint alleges the citizenship of all parties. *See* Def. LTL Transport, Inc.'s Not. of Removal [Doc. 1], Exh. "A." Plaintiff is a

resident of Pima County, Arizona. *Id.* Plaintiff alleges that Defendant Davedillon Sevilla Dancel and Jane Doe Dance are residents of Los Angeles County, California; that Defendant D & D Transport is a foreign entity; Defendants Charlotte M. Shropshire and John Doe Shropshire are residents of Denton County, Texas; and Defendant LTL Transport, Inc. is a foreign corporation. *See id.* Defendant LTL Transport, Inc. states that it is a Texas corporation, with its principal place of business in Texas. Def. LTL Transport, Inc.'s Not. of Removal [Doc. 1] at 2. Defendant LTL Transport, Inc. alleges that Plaintiff's damages may be equal to or exceed $75,000. *Id.* at 3. As such, Defendant LTL Transport, Inc. urges that jurisdiction is proper before this Court.

*Analysis*

Federal courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). As a result of "[t]he 'strong presumption' against removal jurisdiction . . . the defendant always has the burden of establishing that removal is proper." *Id* (citations omitted). "Where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds [the jurisdictional minimum]." *Singer v. State Farm Mutual Automobile Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (citations omitted).

Rule 8(g), Arizona Rules of Civil Procedure, instructs that "[i]n all cases in which a party is pursuing a claim other than for a sum certain or for a sum which can by computation be made certain, no dollar amount or figure for damages sought shall be stated in any pleading[.]" Ariz. R. Civ. P. 8(g). Accordingly, Plaintiff's Complaint does not specify an amount in controversy. Based on Plaintiff's answers to uniform interrogatories, Defendant LTL Transport, Inc. avers that "Plaintiff claims $25,520 in lost wages and an undetermined amount in lost benefits." Def. LTL Transport, Inc.'s Resp. to Pl.'s Mot. to Remand [Doc. 10] at 5; *See also Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (court properly considered responses to interrogatories in assessing emotional distress damage

1  award for amount in controversy).  Defendant LTL Transport, Inc. further asserts that in light
2  of Plaintiff's medical procedures treating a fractured left arm sustained in the collision, the
3  amount in controversy will exceed $75,000.  Def. LTL Transport, Inc.'s Resp. to Pl.'s Mot.
4  to Remand [Doc. 10] at 5.  Plaintiff's responses to uniform interrogatories propounded by
5  Defendants Dancel and DSD Transport indicate that he has disclosed medical expenses
6  attributable to the accident up to the time of his answers.  *See* Def. LTL Transport, Inc.'s
7  Resp. to Pl.'s Mot. to Remand [Doc. 10], Exh. "C" at 4 ¶ 11.  Defendant LTL Transport, Inc.,
8  however, has not provided the Court any details regarding the amount Plaintiff has expended
9  thus far.  As such, it would be speculation by this Court to assume that Plaintiff's medical
10 expenses are, or will be, greater than $50,000, thereby resulting in an amount in controversy
11 greater than $75,000.

12 Therefore, the Court finds that Defendant LTL Transport, Inc. has failed to meet its
13 burden to establish that the amount in controversy exceeds $75,000, and remand is proper.
14 Because the Court bases its findings on the jurisdictional amount, it does not address the
15 timeliness of Defendant LTL Transport, Inc.'s removal petition.

16 Accordingly, IT IS HEREBY ORDERED that:

17 1. Plaintiffs' Motion to Remand [Doc. 9] is GRANTED;

18 2. This case is REMANDED to Pima County Superior Court (Cause #
19 C20112739);

20 3. The Clerk of the Court shall mail a certified copy of this Order to the Clerk of
21 the Pima County Superior Court; and

22 4. The Clerk of the Court shall then close its file in this matter.

23 DATED this 28th day of February, 2012.

_____
Cindy K. Jorgenson
United States District Judge